IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CURTIS OFORI,**

      **Plaintiff,**

**v.**

**BETTER PUBLICATIONS, LLC,**

      **Defendant.**

Civil Action No. 12-cv-01958 (BAH)

## DECLARATION OF SHAINA D. JONES

I, **SHAINA D. JONES**, declare as follows:

I am an associate at the law firm Levine Sullivan Koch & Schulz, LLP, counsel for defendant Better Publications, LLC in this action.  I submit this declaration to put before the Court certain official records and other documents that are referenced in the Combined Memorandum of Points and Authorities in Support of Defendant's Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Act and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  The description of each official record or other document is set forth to the best of my knowledge, information and belief.

**The Article at Issue**

1.    Attached hereto as Exhibit 1 is a true and correct copy of an article by Courteney Stuart published in *The Hook* on December 8, 2011 entitled "Unsilenced, How This Mother Fought to Protect Her Daughter… and Yours."  In addition to the attached print version, the article was published online and is available at http://www.readthehook.com/102337/unsilenced-how-mother-fought-protect-her-daughter-and-yours.

**University of Virginia Police Department Records**

2. Attached hereto as Exhibit 2 is a true and correct copy of a police report prepared by the University of Virginia ("UVA") Police Department, dated February 16, 2004, which includes notes of a police interview with Kathryn Russell.

3. Attached hereto as Exhibit 3 is a true and correct copy of a UVA Police Department Advice of Rights and Waiver of Rights statement signed by Curtis Ofori, the plaintiff in this action, on February 26, 2004, together with a prepared statement Ofori submitted to the UVA Police Department on the same day.

4. Attached hereto as Exhibit 4 is a true and correct copy of a police report prepared by the UVA Police Department, dated March 1, 2004, which includes notes of a police interview with Curtis Ofori on February 26, 2004.

5. Attached hereto as Exhibit 5 is a true and correct copy of a police report prepared by the UVA Police Department, dated April 2, 2004, which includes notes of a meeting between UVA Police Officer Janice Coles, Kathryn Russell, Susan Russell and the Albermarle County Commonwealth's Attorney's Office.

**University of Virginia Sexual Assault Board Records**

6. Attached hereto as Exhibit 6 is a true and correct copy of a statement dated March 29, 2004 submitted by Kathryn Russell to the UVA Sexual Assault Board.

7. Attached hereto as Exhibit 7 is a true and correct copy of a statement dated March 25, 2004 submitted by Curtis Ofori to the UVA Sexual Assault Board.

8. Attached hereto as Exhibit 8 is a true and correct copy of a statement dated April 23, 2004 submitted by Curtis Ofori to the UVA Sexual Assault Board.

9. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from a transcript of a May 10, 2004 hearing of the UVA Sexual Assault Board, in which it addressed Kathryn Russell's charge of rape and sexual assault against Curtis Ofori.

10. Attached hereto as Exhibit 10 is a true and correct copy of a letter dated May 18, 2004, from UVA Senior Associate Dean of Students Shamim Sisson to Curtis Ofori communicating the UVA Sexual Assault Board's determination in connection with Kathryn Russell's charge of rape and sexual assault against Curtis Ofori.

11. Attached hereto as Exhibit 11 is a true and correct copy of the 2003-2004 UVA Sexual Assault Board Adjudication Options.

12. Attached hereto as Exhibit 12 is a true and correct copy of the UVA Sexual Assault Board Procedures operative in 2004.

13. Attached hereto as Exhibit 13 is a true and correct copy of the UVA Judicial Review Board Procedures, effective June 30, 2003, which address, among other things, appeals from the UVA Sexual Assault Board.

14. Attached hereto as Exhibit 14 is a true and correct copy of the UVA Policy and Procedures for Student Sexual Misconduct Complaints, adopted on July 8, 2011 and available online at http://www.virginia.edu/sexualviolence/documents/sexual_misconduct_policy070811.pdf.

**Kathryn Russell's Civil Lawsuit Against Curtis Ofori**

15. Attached hereto as Exhibit 15 is a true and correct copy of the Motion for Judgment in *Russell v. Doe* (Charlottesville, Va. Cir. Ct.), stamped as filed with the court on February 6, 2006.

16. Attached hereto as Exhibit 16 is a true and correct copy of a letter dated June 22, 2006 from James F. Neale, Esq., of McGuire Woods, LLP, counsel for Curtis Ofori, to counsel for Kathryn Russell, with the heading, *Russell v. Doe*, communicating an offer to settle her civil lawsuit against Ofori.

17. Attached hereto as Exhibit 17 is a true and correct copy of an Amended Motion for Judgment in *Russell v. Ofori*, CL06000038-00 (Charlottesville, Vir. Cir. Ct.), stamped as filed with the court on September 20, 2006.

18. Attached hereto as Exhibit 18 is true and correct copy of a printout of the docket in *Russell v. Ofori*, CL06000038-00 (Charlottesville, Vir. Cir. Ct.), reflecting that Kathryn Russell nonsuited her lawsuit against Curtis Ofori on February 9, 2007.

**Susan Russell's Website**

19. Attached hereto as Exhibit 19 is a true and correct copy of a printout of the homepage of the website www.uvavictimsofrape.com/.

**United States Department of Education Documents**

20. Attached hereto as Exhibit 20 is a true and correct of a document entitled "University of Virginia Clery Act Complaint," which was transmitted by email dated November 1, 2004 from Susan Russell to Nancy Klinger of the United States Department of Education.

21. Attached hereto as Exhibit 21 is a true and correct copy of a letter dated November 3, 2008, from Nancy Paula Gifford of the United States Department of Education to John T. Casteen, then-president of UVA, communicating the Department's determination in connection with the Clery Act complaints submitted by Susan Russell and another UVA student.

4

22. Attached hereto as Exhibit 22 is a true and correct copy of agency guidance issued by the United States Department of Education's Assistant Secretary for Civil Rights on April 4, 2011, regarding compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, together with two accompanying documents entitled: (a) "Background, Summary, and Fast Facts," and (b) "Know Your Rights: Title IX Prohibits Sexual Harassment and Sexual Violence Where You Go to School."

**Virginia Legislative Documents**

23. Attached hereto as Exhibit 23 is a true and correct copy of a printout of a newsletter circulated by Delegate Paula Miller, dated February 4, 2011.

24. Attached hereto as Exhibit 24 is a true and correct copy of Virginia House Bill No. 2490, informally known as "Kathryn's Law" and formally titled "A BILL to amend and reenact § 23-234 of the Code of Virginia, relating to campus police; report of certain incidents to local law-enforcement agency," as introduced to the Virginia General Assembly on January 21, 2011.

25. Attached hereto as composite Exhibit 25 are a true and correct copies of agendas for the November 16, 2011 and December 6, 2011 meetings of the Virginia Crime Commission, both of which reflect the Commission's consideration of HB 2490 at those meetings.

26. Attached hereto as composite Exhibit 26 are true and correct copies of the prepared testimony of Susan Russell and Kathryn Russell, which formed the basis of their statements before the Virginia Crime Commission on November 16, 2011.

27. Attached hereto as Exhibit 27 is a true and correct copy of a report prepared by the Virginia Crime Commission, entitled "Death and Rape Investigations by Campus Police Departments (HB 2490)" and dated November 16, 2011.

28. Attached hereto as Exhibit 28 is a true and correct copy of House Bill 965, titled "An Act to amend and reenact § 23-234 of the Code of Virginia, relating to mutual aid agreements between campus police and local law-enforcement agencies," which was enacted upon signature by the Governor of Virginia on March 30, 2012. The legislation is codified at Va. Code § 23-234.

**News Reports and Other Documents**

29. Attached hereto as Exhibit 29 is a true and correct copy of an article by Kristen Lombardi entitled "Sexual Assault on Campus Shrouded in Secrecy," which was published by the Center for Public Integrity on December 1, 2009, and which is available online at http://www.publicintegrity.org/2009/12/01/9047/sexual-assault-campus-shrouded-secrecy.

30. Attached hereto as Exhibit 30 is a true and correct copy of a transcript of a May 24, 2005 segment broadcast on the CBS Early Show entitled "College Administrators From Across the Country Meet in Denver to Discuss Campus Security," as retrieved from the Lexis/Nexis database.

31. Attached hereto as Exhibit 31 is a true and correct copy of an article by Karin Kapsidelis entitled "'There was no justice for me'; Plan could transfer serious campus cases to local law agencies," which was published in *The Richmond Times-Dispatch* on November 14, 2011, and which is attached as retrieved from the Lexis/Nexis database.

32. Attached hereto as Exhibit 32 is a true and correct copy of an article by Molly Triffin entitled "The Scary Truth About Rape on Campus," which was published in the September 2011 issue of *Cosmopolitan* magazine.

33. Attached hereto as Exhibit 33 is a true and correct copy of an article by Mary Pumphrey entitled "Students stage silent protest," which was published in the University of

Virginia student newspaper, *The Cavalier Daily*, on November 18, 2004, and which is available online at http://www.cavalierdaily.com/article/2004/11/students-stage-silent-protest/.

34. Attached hereto as Exhibit 34 is a true and correct copy of an article by Katherine Raichlen entitled "Education Dept. issues ruling on assault policies," which published in *The Cavalier Daily* on November 24, 2008, and which is available online at http://www.cavalierdaily.com/article/2008/11/education-dept-issues/.

35. Attached hereto as Exhibit 35 is a true and correct copy of an article by Whitney Rhodes entitled "Harringtons Support Bill to Move Rape, Murder Investigations Off Campus," which was published in the online newspaper *Fairfax City Patch* on October 3, 2011, and which is available online at http://fairfaxcity.patch.com/articles/harringtons-support-bill-to-move-rape-murder-investigations-off-campus.

36. Attached hereto as Exhibit 36 is a true and correct copy of an article by Bill Sizemore entitled "Bill expands options for reporting campus rapes," which was published in *The Virginian-Pilot* on February 5, 2011, and which is available online at http://hamptonroads.com/2011/02/bill-expands-options-reporting-campus-rapes.

37. Attached hereto as composite Exhibit 37 are true and correct copies of the following emails sent by Courteney Stuart: (1) an email dated November 15, 2011 to Curtis Ofori; (2) an email dated November 16, 2011 to Curtis Ofori; (3) an email dated November 16, 2011 to Curtis Ofori through his company, CertifyMeNow.org; and (4) an email dated November 16, 2011 to Curtis Ofori's brother, Otis Ofori, attempting to contact Curtis Ofori.

38. Attached hereto as Exhibit 38 is a true and correct copy of a letter sent by counsel for defendant Better Publications, LLC to counsel for plaintiff Curtis Ofori dated October 23, 2012.

39.     Attached hereto Exhibit 39 is a true and correct copy of a letter sent by counsel for defendant Better Publications, LLC to counsel for plaintiff Curtis Ofori dated November 6, 2012.

40.     Attached hereto as Exhibit 40 is a true and correct copy of the Council of the District of Columbia Committee on Public Safety and the Judiciary's Report on Bill 18-893, the "Anti-SLAPP Act of 2010" (Nov. 18, 2010).

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.  Executed on this 1st day of May 2013.

_____
**SHAINA D. JONES**